UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALBERTO FLORES REYES,

        Petitioner,

v.                          Case No. 2:26-cv-862-JES-NPM

SECRETARY MARKWAYNE MULLIN,
et al.,

        Respondents.
_____/

## OPINION AND ORDER

Before the Court are Petitioner Alberto Flores Reyes's petition for writ of habeas corpus (Doc. 1), the government's response (Doc. 7), and Flores Reyes's reply (Doc. 8). For the below reasons, the Court grants the petition to the extent set forth in this Order.

### I.   Background

Petitioner Flores Reyes is a native and citizen of Cuba who entered the United States on May 3, 1995. (Doc. 1 at 3). On August 19, 1996, Flores Reyes pleaded guilty to one count of attempted second degree murder for which he served more than four years in prison. (Id. at 4). On February 24, 1997, an immigration judge in Miami, Florida ordered Flores Reyes removed to Cuba. (Id.) Flores Reyes did not appeal the order of removal, so it became final on February 24, 1997. (Id.)

Flores Reyes was in the custody of immigration officials between June 8, 2000 and November 20, 2001. (Doc. 1 at 4). He was released and placed on an order of supervision after the government was unable to deport him to Cuba. (Id. at 50). A second order of supervision was issued on June 19, 2002. (Id.) Flores Reyes routinely reported to ICE as required by the order of supervision. (Id.)

On October 29, 2025, Flores Reyes was arrested by ICE when he appeared for his annual report date. (Doc. 1 at 5.) He is currently detained at Florida Soft Side South Detention Facility. (Alligator Alcatraz). (Id.) At the time Flores Reyes filed his petition on March 25, 2026, his current period of immigration custody had lasted 147 days. As of April 27, 2026, Flores Reyes had been confined for 180 days.

## II.  Discussion

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." Singh v. U.S. Attorney Gen., 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. Id. Detention may continue after the removal period, but not indefinitely.

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court

2

held that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." Id. at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." Id. at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. Id. Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention. If, after 180 days, the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must provide sufficient evidence to show otherwise. Id.

Here, Respondents assert (and the Court agrees) that Flores Reyes was issued a final order of removal on February 24, 1997. (Doc. 7 at 2). He has now been in immigration custody for 180 days, since October 29, 2025. Because the six-month period for presumptively reasonable detention has expired, Zadvydas's burden-shifting framework applies.

Respondents make no argument that Flores Reyes's removal is

3

likely in the reasonably foreseeable future.  Their sole argument in the response is that "Flores Reyes has been convicted of an aggravated felony and has been ordered removed from the United States.  Flores Reyes is being detained so that the United States can remove him to Mexico."  (Doc. 7 at 5.)  They do not allege that Mexico—or any other country—has actually agreed to accept Flores Reyes (or even responded to their inquiries), and they do not explain why no progress has been made on that front in the 180 days since Flores Reyes was taken into detention.  Nor do they allege that U.S. officials have contacted any other country about accepting Flores Reyes.  In short, they do not demonstrate that they have done anything specifically to effectuate Flores Reyes's removal in the 180 days he has been detained in Alligator Alcatraz. Under, Zadvydas, this is insufficient to show a realistic likelihood of Flores Reyes's removal in the reasonably foreseeable future.[1]  See Douglas v. Baker, 812 F.Supp.3d 525, 532 (D. Maryland Oct. 24, 2025) ("[T]he deference baked into the Zadvydas standard

---

[1] See 8 C.F.R. 241.13(f) ("Factors for consideration [as to whether there is a significant likelihood of removing a detained alien]. The HQPDU shall consider all the facts of the case including, but not limited to, the history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.").

does not permit the government to detain a noncitizen and then sit on its hands. Such inaction, or lack of progress in effectuating removal, is precisely what Zadvydas forbids.")

### III. Conclusion

The Court finds no significant likelihood that Flores Reyes will be removed in the reasonably foreseeable future. He is entitled to release from detention under Zadvydas, but he remains subject to the terms of an order of supervision. If Flores Reyes fails to comply with the conditions of release, he may be subject to criminal penalties—including further detention. See 8 U.S.C. § 1253(b); Zadvydas, 533 U.S. at 695 ("[W]e nowhere deny the right of Congress ... to subject [aliens] to supervision with conditions when released from detention, or to incarcerate them where appropriate for violations of those conditions").

If removal becomes likely in the reasonably foreseeable future, ICE can re-detain Flores Reyes to "assur[e] [his] presence at the moment of removal." Zadvydas, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

1. Alberto Flores Reyes's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

2. Respondents shall release Flores Reyes within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by allowing him telephone access to notify

5

counsel and his family of when and where he can be collected.

3.   The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on April 27, 2026.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

6